IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


CHRISTOPHER D. PARK                                              PLAINTIFF

      v.                              Civil No. 09-5273

DEPUTY MARTINEZ                                                  DEFENDANT


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Christopher D. Park (hereinafter Park), pursuant to 42 U.S.C. § 1983. On February 22, 2010, an order was entered allowing Park to substitute Deputy Martinez, in place of the original named Defendant, Captain Holly (Doc. 7).

Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis.* For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his complaint be dismissed.

## Background

According to the allegations of the complaint, Park is incarcerated at the Benton County Detention Center (BCDC). He alleges that on October 21, 2009, he was placed in the "hole" on lock-down by Deputy Martinez. Park alleges he was not allowed to retrieve his personal letters from his wife and child as well as drawings from his two other children from his cell in D pod. Park asserts these documents are "irreplaceable and invaluable" to him.

Beginning on October 21st and ending on November 1st, Park alleges he submitted several requests and grievances in an effort to get his personal property back. He states he has now been told the documents no longer exist and that Sgt. Fry wants to make sure this does not

-1-

happen again to any other inmate.  According to Park, this comment tells him that there is either no procedure in place or the deputies are poorly trained.

As relief, Park seeks $25,000 for his pain and suffering.

## Discussion

As noted above, Park is incarcerated in the BCDC.  Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915A(b)(on review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).  See also 28 U.S.C. § 1915(e)(2)(B).

In his affidavit, Plaintiff indicates he has no private funds, owns nothing of value, and has no funds in an inmate account. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, Park's claims regarding the loss of his personal property are subject to dismissal.  First, Park does not allege the missing documents were intentionally taken or destroyed by the named defendant, Deputy Martinez, or at his direction.   See Sellers by and through Sellers v. Baer, 28 F.3d 895, 902-03 (8th Cir.1994)(Inadvertence, negligence, or even gross negligence is insufficient to state a claim under § 1983).

-2-

Second, even if the deprivation was intentional, Park has adequate post-deprivation remedies.  See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy).  Arkansas recognizes a conversion claim which will provide Park with an adequate remedy for his alleged injury.  See e.g., Elliot v. Hurst, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Third, to the extent Park maintains a cause of action based on an alleged failure of the deputies involved to follow jail policy and place all his personal property in booking, this failure does not by itself state a claim.  See e.g., Kennedy v. Blankenship, 100 F.3 640, 643 (8th Cir. 1996).

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and the complaint be dismissed with prejudice.

Further, Park is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act (PLRA).  Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

-3-

Park has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  King is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 25th day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)